**Gamechu Said JUMA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71813.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven N. Ross, Wolfstone, Panchot & Bloch, P.S., Inc., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Susan M. Harrison, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, Genevieve Holm, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Gamechu Said Juma, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition for review.

■ Substantial evidence supports the BIA's denial of asylum because the single incident of physical harm Juma experienced did not rise to the level of past persecution. *See id.* at 1021. Substantial evidence also supports the BIA's finding that Juma failed to demonstrate that his fear of returning to Ethiopia is objectively reasonable. *See id.* at 1022. Thus, Juma's asylum claim fails.

■ Because Juma did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir. 1995).

■ Finally, substantial evidence supports the BIA's denial of CAT relief because Juma failed to establish that it is more likely than not he would be tortured if returned to Ethiopia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

_____

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.